```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DAWN M. BUS,

                              Plaintiff,        08-CV-00481-A(M)

                                                **DECISION**
                 v.                             **and ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security

                              Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Dawn Bus ("Plaintiff") brings this action pursuant to § 216(I) and § 223 of the Social Security Act ("the Act"), 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") Michael Astrue, denying her application for Disability Insurance benefits. Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") Karl Alexander, denying her application for benefits was erroneous and not supported by the substantial evidence contained in the record or the applicable law.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on the grounds that the Commissioner's decision was based on substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, or in the alternative to remand the matter for a new hearing on the grounds that Plaintiff's impairments prevent her from performing substantial gainful

activity. The Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law, and therefore the Commissioner's motion for judgment on the pleadings is granted, and the plaintiff's cross-motion for summary judgment is denied.

## BACKGROUND

On August 22, 2005, Plaintiff filed an application for disability and disability benefits alleging inability to work beginning December 1, 2004 due to chronic back, neck, and foot pain; lumbar disc disease; depression; headaches; and obesity. The application was denied on January 11, 2006. Plaintiff then filed a timely request for a hearing on January 19, 2006.

Thereafter, Plaintiff appeared with counsel, before the ALJ on June 23, 2006. An impartial vocational expert, Julie A. Andrews also appeared at the hearing. In a decision dated October 20, 2006, the ALJ found that Plaintiff was not disabled. The decision became the final decision of the Commissioner on May 29, 2008, when the Social Security Appeals Council denied Plaintiff's request for review. On June 27, 2008, Plaintiff filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. In addition, the section directs that when considering such a claim,

the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to

relief, judgment on the pleadings may be appropriate. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). However, a remand to the Commissioner for further development of the evidence is proper when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." <u>Rosa v. Callahan</u>, 168 F.3d 72, 82-83 (2d. Cir. 1999) (quoting <u>Pratts v. Chater</u>, 94 F.3d 34, 39 (2d Cir. 1980)).

## II. **The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record.**

The ALJ determined Plaintiff was not disabled under sections 216(I) and 223 of the Social Security Act, as Plaintiff did not have an impairment that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ reasoned Plaintiff had the residual functional capacity to perform medium work; that there exists a significant number of jobs in the national economy that Plaintiff can perform; and that transferability of job skills is immaterial to a disability determination. (R. 3, 5, 9). Therefore she was not disabled under sections 216(I) and 223(d) of the Social Security Act. For the reasons set forth below, I find the ALJ's decision that Plaintiff was not disabled is supported by substantial evidence in the record, and is in accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings and reject Plaintiff's cross-motion.

### A. The Commissioner Properly Evaluated the Severity of Plaintiff's Mental Impairment

Plaintiff contends that the ALJ erred in evaluating the severity of Plaintiff's mental impairment. (Pl. Mem. At 4) Specifically, Plaintiff contends that the ALJ improperly rejected the opinion of Plaintiff's treating physician, Dr. Parlato, and that Dr. Parlato's opinion is consistent with other evidence in the record. (Id.)

The opinion of a claimant's treating physician is generally given controlling weight "so long as it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R.§ 404.1527(d)(2). However, where a treating physician's opinions are inconsistent with the opinions of other medical experts, the court will not afford the treating physician's opinion controlling weight, for "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir.2002).

Here, Plaintiff contends Dr. Parlato's opinion that Plaintiff "is not able to work now or in the foreseeable future," should be given controlling weight. However, as the ALJ stated in his decision, the issue whether a claimant is disabled or not is one reserved for the Commissioner, and a physician's statement on an issue reserved to the Commissioner is not entitled to any special

significance. (Tr. 23); 20 CFR §§ 404.1527(e), 416.927(e); Snell v. Apfel, 177 F.3d 128, 133 (2d. Cir. 1999).

Moreover, Dr. Parlato's opinion is inconsistent with other substantial evidence, and thus was properly not afforded controlling weight. See Veino, 312 F.3d at 588. (Where genuine conflicts in medical evidence exists, courts will not afford treating physician's opinion controlling weight). Perhaps most importantly, Dr. Parlato's multiple treatment notes show inconsistences among themselves: On February 9, 2006, Dr. Parlato stated Plaintiff could not work and possessed intense anxiety (R. 177); yet on March 23, 2006, Dr. Parlato reported Plaintiff was much more calm, presented with a relatively bright mood, and that a prescription drug, Xanax, appeared to control her anxiety. (R. 176).

In addition, Dr. Totin, a state agency psychological consultant opined Plaintiff was not significantly limited in her ability to understand and remember things; to concentrate and persist in carrying out simple and detailed instructions without distraction or special supervision; and could interact and adapt appropriately in social situations. (Tr. 146-147). Although Dr. Totin's opinion indicates Plaintiff was moderately limited in a small number of work related categories, these limitations can in no way be viewed as consistent with the alleged opinion of Dr. Parlato that

Plaintiff "is not able to work now or in the foreseeable future." (Tr. 23,147).

Moreover, Plaintiff alleges the opinion of non-examining psychologist Thomas Ryan Ph.D is consistent with Dr. Parlato's opinion. (Pl. Br. At 7). However, Dr. Ryan only states that Plaintiff's prognosis was "guarded" and that Plaintiff has difficulty dealing with stress. (R. 139-140). Plaintiff omits other crucial aspects of Ryan's psychiatric evaluation of Plaintiff, including that Plaintiff was cooperative; possessed an overall adequate presentation; could understand and follow simple directions, generally maintain attention and concentration; maintain a regular schedule; and generally relate with others. (R. 138-139). While Plaintiff is correct that she may have a "guarded prognosis" and difficulty dealing with stress, she neglects to mention any parts of Ryan's opinion that could be viewed as harmful to her claim for benefits.

A review of the ALJ's decision shows the ALJ properly evaluated the entire record, including the opinions of Dr. Parlato, Dr. Totin, and Dr. Ryan, in determining Plaintiff's level of mental impairment. (R. 22). The opinion of a treating physician is only afforded controlling weight if it is consistent with the opinions of other medical experts. See Veino, 312 F.3d at 588. When, as is the case here, genuine conflicts in the medical evidence exist, it is the Commissioner's function to resolve such conflicts. See id.

Therefore, the Commissioner properly evaluated the medical evidence with respect to Plaintiff's mental impairment.

## B. **The ALJ Properly Developed the Record**

Plaintiff contends the ALJ erred as a matter of law to fully develop the administrative record by not re-contacting her treating physician, Dr. Parlato. (Pl. Br. At 8). Under 20 C.F.R. sections 404.1516(e) and 416.912(e), an ALJ must re-contact a treating physician when the evidence received is inadequate to allow the ALJ to determine whether a claimant is disabled. An ALJ satisfies this duty to fully develop the record by making every reasonable effort to obtain medical records by making initial and follow up requests to a claimant's physicians. See 20 C.F.R. §§ 404.1512(d) and 416.912(d)(1). Where however, the record has no obvious gaps and where the ALJ already possesses a complete medical history, the ALJ has no duty to seek additional information. See Rosa v. Callahan, 168 F.3d 72, 79 (2d. 1999); see also Perez v. Chater, 77 F.3d 41, 48 (2d. Cir 1996) (where nothing indicates a treating physician's reports are inconclusive, the ALJ is not obligated to request further information).

Despite Plaintiff's contention to the contrary, the record in the present case was fully developed to allow the ALJ to decide whether or not Plaintiff was disabled. The treating sources identified by Plaintiff were contacted and their records were obtained (R. 99-136, 174-183). The record contains the reports of

medical examiners appointed by the Social Security Agency, and the testimonies of the Plaintiff and an independent vocational expert. (R. 137-163, 201-257). This evidence, viewed in its entirety, obviated the need for the ALJ to re-contact Dr. Parlato. Inconsistent medical opinions do not mandate re-contacting a treating source; only when the evidence presented in the record is insufficient to reach a determination as to a claimant's disability must an ALJ seek additional information. See Rosa, 168 F.3d at 79. The substantial evidence of record supports the ALJ's decision, and there exists no gaps that would require the ALJ to re-contact Dr. Parlato. Therefore, the ALJ satisfied his burden to develop the record under 20 C.F.R. §§ 404.1512(d) and 416.912(d)(1).

    C. **The ALJ Provided Good Reasons For the Weight Given to a Treating Physician's Opinion.**

Plaintiff contends that remand is proper because the ALJ failed to explain why Dr. Parlato's opinions were not credited, in violation of 20 §404.1527(d)(2). Plaintiff is correct in that generally, the ALJ must set forth [his] reasons for the weight assigned to a treating physician's opinion. See Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) (citing Halloran v. Barnhart, 362, F.3d 28, 33 (2d Cir. 2004)); see also 20 C.F.R. § 404.1527(d)(2). Accordingly, courts will not "[h]esitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion." Halloran, 362 F.3d at 33; see also Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998) (holding

that the Commissioner's failure to provide "good reasons" for apparently affording no weight to the opinion of plaintiff's treating physician constituted legal error); Snell v. Apfel, 177 F.3d 128 (2d Cir. 1999) (remanding the case for a determination of why a treating physician's finding of disability was rejected).

However, despite an ALJ's failure to explain the weight afforded to a treating physician, this court may affirm an ALJ's decision if an error in his decision is deemed harmless. See Pease v. Astrue, 2008 WL 4371779 at *8 (N.D.N.Y.2008) (finding harmless error where the ALJ did not specifically state the weight afforded to a treating physician's opinion, but did cite the physician's records and conclusions throughout the decision); Walzer v. Chater, 1995 WL 791963 at *9 (S.D.N.Y.1995)(finding ALJ's failure to discuss a treating physician's report was harmless error where the report was substantially consistent with all other evidence in the case). Like Pease, the record in the present case indicates citations to Dr. Parlato's records and opinions. The ALJ specifically references Dr. Parlato and Dr. Parlato's evaluations and treatment notes throughout the decision. (R. 19-23). The ALJ's references to Dr. Parlato indicates the ALJ considered his reports and opinions in concluding Plaintiff was not disabled.

Furthermore, the ALJ did in fact provide reasons for not affording Dr. Parlato's opinion controlling weight. The ALJ found Plaintiff lacked credibility, noting that Plaintiff brought a work

-10-

resume to her mental health provider, yet was still seeking disability benefits. In addition, she failed to disclose her extensive history of substance abuse to Dr. Parlato. (R. 20). It is difficult to reconcile Plaintiff's contention that Dr. Parlato's opinion should be afforded controlling weight, when his opinion did not take into consideration Plaintiff's undisclosed drug abuse. In addition, the ALJ specifically states that Dr. Parlato's opinion lacks objective support and "flies in the face" of other medical reports. (R. 22-23).

Therefore, the ALJ properly assessed Dr. Parlato's opinion, and provided sufficient reasons under 20 C.F.R. § 404.1527(d) for not affording his opinion controlling weight. Moreover, even if this Court determined the ALJ failed to comment on the weight of Dr. Parlato's opinion, this would constitute harmless error, and would not provide a basis for remand to the Commissioner. See Pease, 2008 WL 4371779 at *9.

### D. **The ALJ Properly Considered Plaintiff's Subjective Complaints**

In his decision, the ALJ specifically references Plaintiff's allegations of physical and mental impairments, and questions her credibility. (R. 20). In assessing whether or not a claimant's allegation of disabling pain is credible, the ALJ should consider the claimant's daily activities. See Ellington v. Astrue, 641 F.Supp 2d. 322, 332 (S.D.N.Y 2009). Plaintiff, despite her claimed impairments, could groom herself, cook, clean, do laundry, shop,

manage money, and socialize. (R. 139-140). An ALJ may consider such activities as evidence a claimant is not disabled. Id. Viewing the record as a whole, it is evident the ALJ considered the Plaintiff's own subjective complaints in addition to the medical evidence in reaching a determination that Plaintiff was not disabled. Accordingly, it is within the Commissioner's discretion to evaluate the credibility of a plaintiff's complaints and render an independent judgement in light of the medical findings and other evidence. See McLaughlin v. Sec'y of Health, Education and Welfare, 612 F.2d 701, 705 (2d Cir.1980) quoting Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979). Therefore, the Court finds the ALJ properly considered Plaintiff's subjective complaints in determining Plaintiff was not disabled.

### E. The ALJ Properly Evaluated Plaintiff's Obesity

Plaintiff argues the ALJ failed to comply with Social Security Ruling 02-1p, which requires an ALJ to consider a claimant's obesity as part of the 5 step sequential evaluation process. (Pl. Br. at 16). This argument is without merit. The ALJ specifically discusses Plaintiff's obesity throughout his decision, and there is substantial evidence that he considered the effects of Plaintiff's obesity in rendering his decision. For example, the ALJ states that even considering Plaintiff's obesity, Plaintiff was not disabled and retained the residual functional capacity to perform medium work. (R. 19, 21, 22). Therefore, the ALJ properly

considered Plaintiff's obesity as part of the five step sequential evaluation process.

## **CONCLUSION**

For the reasons set forth above, I grant Commissioner's motion for judgement on the pleadings. Plaintiff's motion for judgement on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED**

                                              s/Michael A. Telesca
                                               MICHAEL A. TELESCA
                                       United States District Judge

Dated:    Rochester, New York
            April 29, 2010